IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**LASHICA VANBUREN**                                                                                                          **PLAINTIFF**

vs.                                                              No. 5:21-cv-334

**SALAZAR SOLUTIONS, LLC,**                                                                                  **DEFENDANTS**
**and KRISTEN SALAZAR**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Lashica Vanburen ("Plaintiff"), by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint ("Complaint") against Defendants Salazar Solutions, LLC, and Kristen Salazar (collectively "Defendant" or "Defendants"), she states and alleges as follows:

### I.    PRELIMINARY STATEMENTS

1.    This is an action brought by Plaintiff against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2.    Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA.

### II.    JURISDICTION AND VENUE

3.    The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff as employed by Defendant within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

5. Plaintiff is an individual and resident of Bexar County.

6. Separate Defendant Salazar Solutions, LLC ("Salazar Solutions"), is a foreign, limited liability company, registered to do business in Texas.

7. Salazar Solutions's registered agent for service is Wanakee Smith, at 12231 Stable Pond, San Antonio, Texas 78240.

8. Separate Defendant Kristen Salazar ("Kristen") is an individual and resident of Texas.

9. Defendants, in the ordinary course of business, maintain a website at http://www.salazarsolutionsllc.com/.

### IV. FACTUAL ALLEGATIONS

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Defendants contract with the United States government to perform administrative work for the Social Security office.

12. Kristen is a principal, director, officer, and/or owner of Salazar Solutions.

13. Kristen took an active role in operating Salazar Solutions and in the management thereof.

14. Kristen, in her role as an operating employer of Salazar Solutions, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

15. Kristen, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

16. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

17. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

18. Defendants are employers within the meaning of the FLSA and were, at all times relevant herein, Plaintiff's employers.

19. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

20. Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

21. Specifically, Defendant employed Plaintiff from January of 2010 until January of 2021.

22. At all relevant times herein, Defendants directly hired Plaintiff, paid her wages and benefits, controlled her work schedules, duties, protocols, applications,

assignments and employment conditions, and kept at least some records regarding her employment.

23. Plaintiff was employed as a data entry clerk and was primarily responsible for entering check stub data into the system to send to the Social Security office, creating a weekly spreadsheet, responding to emails, and processing receipts.

24. Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA and paid her an hourly rate.

25. Beginning in March of 2020, when the COVID-19 pandemic began, Plaintiff's workload increased and she was unable to complete her work within 40 hours per week.

26. Plaintiff estimates she worked approximately 41 to 42 hours per week.

27. In August or September of 2020, Defendant reduced Plaintiff's hours and instructed her to work only 20 hours per week.

28. Defendant assigned Plaintiff so much work that she was unable to all required tasks within 20 hours per week.

29. After Plaintiff's hours were reduced, she was required to work approximately 5 hours per week off the clock in order to complete all of her work.

30. Defendants monitored Plaintiff's work, which was almost all time-stamped, so Defendants were aware that Plaintiff was working hours which went uncompensated.

31. In January of 2021, Defendants disciplined Plaintiff for working off the clock and paid her for some of the time she worked off the clock in January. Defendants did not pay Plaintiff for any of her off-the-clock work prior to January.

32. Defendant failed to pay Plaintiff a proper overtime rate for all hours worked over forty each week.

33. Defendant knew or should have known that Plaintiff was working additional hours off the clock for which she was not compensated.

34. At all relevant times herein, Defendant has deprived Plaintiff of regular wages for all hours worked, and overtime compensation for all of the hours worked over forty per week.

35. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.     CLAIM FOR RELIEF—VIOLATION OF THE FLSA

36. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

37. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

38. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

39. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

40. Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

41. Defendant failed to pay Plaintiff for all hours worked, including 1.5x her regular rate for all hours worked in excess of 40 hours per week as required by the FLSA.

42. Defendant knew or should have known that its actions violated the FLSA.

43. Defendant's conduct and practices, as described above, were willful.

44. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's Original Complaint, plus periods of equitable tolling.

45. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

46. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Lashica Vanburen respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid wages under the FLSA and its related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, and its related regulations;

D. An order directing Defendant to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF LASHICA VANBUREN**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com